IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY H. WARNICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 21-CV-0478-GKF-SH |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on two motions: Respondent Scott Crow's motion (Dkt. 9) to dismiss Petitioner Anthony Warnick's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. 1) as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and Warnick's motion (Dkt. 12) for leave to file a supplemental response to Crow's motion to dismiss. For the following reasons, the Court DENIES Warnick's motion, orders the supplemental response (Dkt. 17) he filed on May 2, 2022, STRICKEN from the record, GRANTS Crow's motion and DISMISSES the petition.

**I.     Background**

Warnick, a state inmate appearing *pro se*,[1] brings this action to collaterally attack the judgment entered against him in the District Court of Washington County, Case No. CF-2016-395. Dkt. 1, Pet. 1.[2] In that case, Warnick is serving the 35-year prison sentence the trial court imposed against him on August 9, 2017, following his conviction as to one count of possessing child pornography. Dkt. 1, Pet. 1; Dkt. 10-2, J. and Sentence 1. In an unpublished opinion filed

---

[1] Because Warnick appears without counsel, the Court liberally construes his filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] For consistency, the Court's citations refer to the CM/ECF header pagination.

November 8, 2018, in Case No. F-2017-851, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Warnick's judgment and sentence. Dkt. 1, Pet. 2; Dkt. 10-3, OCCA Op. 1, 13. Warnick did not file a petition for writ of certiorari in the United States Supreme Court. Dkt. 1, Pet. 3.

Warnick did, however, seek postconviction relief in state court. He filed an application for postconviction relief in Washington County District Court on July 27, 2020, alleging that, in light of the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the State of Oklahoma lacked jurisdiction to prosecute him because he is a member of the Choctaw Tribe, Choctaw Nation of Oklahoma and he committed his crime within the boundaries of the Cherokee Nation Reservation (hereafter, "*McGirt* claim"). Dkt. 2, Pet'r's Br. 2; Dkt. 10-4, Appl. 1-3, 5-7, 9. In *McGirt*, the Supreme Court held that Congress did not disestablish the Muscogee (Creek) Nation Reservation, the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction to prosecute certain crimes committed within those boundaries if those crimes are committed by or against Native Americans. *McGirt*, 140 S. Ct. at 2468, 2479-80.

The state district court denied Warnick's application on September 14, 2020, concluding that the *McGirt* decision was not "applicable to other tribal lands beyond Muscogee/Creek Nation." Dkt. 2, Pet'r's Br. 2; Dkt. 10-5, Dist. Ct. Order (Sept. 14, 2020) 1. Warnick filed a postconviction appeal. Dkt. 2, Pet'r's Br. 2. On May 10, 2021, citing its post-*McGirt* decision that recognized the continued existence of the Cherokee Nation Reservation, the OCCA reversed the state district court's order and remanded the case for an evidentiary hearing. Dkt. 2, Pet'r's Br. 3; Dkt. 10-7, OCCA Order (May 10, 2021) 2-3. The OCCA subsequently granted the State's motion to stay postconviction proceedings. Dkt. 2, Pet'r's Br. 3; Dkt. 10-8, OCCA Order (July 29, 2021) 1-2. Ultimately, in an order filed September 29, 2021, the OCCA affirmed the denial of

postconviction relief, citing its decision in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (Jan. 10, 2022). Dkt. 2, Pet'r's Br. 2-3; Dkt. 10-11, OCCA Order (Sept. 29, 2021) 1-2. In *Wallace*, the OCCA held "that *McGirt* and [the OCCA's] post-*McGirt* decisions recognizing [other] reservations shall not apply retroactively to void a conviction that was final when *McGirt* was decided." Dkt. 2, Pet'r's Br. 2-3.[3]

Warnick filed the instant federal habeas petition (Dkt. 1), and a supporting brief (Dkt. 2) on November 1, 2021.[4] He seeks federal habeas relief based on the *McGirt* claim he raised in state postconviction proceedings. Dkt. 1, Pet. 5; Dkt. 2, Pet'r's Br. 3-11. In response to the allegations in the petition, Crow filed a motion to dismiss (Dkt. 9) and a supporting brief (Dkt. 10), asserting that the petition is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Warnick timely filed a response (Dkt. 11) in opposition to the dismissal motion. Nearly three months later, Warnick filed a motion (Dkt. 12) requesting leave to file a supplemental response to the dismissal motion. Crow filed a response (Dkt. 13) in opposition to the motion to supplement, and Warnick filed a reply (Dkt. 16). Without leave of Court, Warnick filed a supplemental response (Dkt. 17) to the dismissal motion on May 2, 2022.

---

[3] On November 1, 2021, the Washington County District Court issued an order indicating that it held an evidentiary hearing on Warnick's application on October 29, 2021, that it found that Warnick is a member of a federally-recognized Native American tribe and that his crime occurred within the Cherokee Nation Reservation, and that *Wallace* barred postconviction relief. Dkt. 10-12, Dist. Ct. Order (Nov. 1, 2021). The legal effect, if any, of this state district court order is unclear given that the OCCA had already affirmed the state district court's previous order denying Warnick's application for postconviction relief.

[4] The Clerk of Court received the petition on November 5, 2021. Dkt. 1, Pet. 1. But evidence in the record shows that the petition should be deemed filed on November 1, 2021, the date Warnick placed the petition in the prison's legal mailing system. Dkt. 1, Pet. 15, 19; *see* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (providing rule for inmate filings).

**II.      Motion for leave to file supplemental response (Dkt. 12)**

As just discussed, on April 8, 2022, Warnick moved for leave to file a supplemental response to Crow's dismissal motion and, without obtaining a ruling on his motion, Warnick filed a supplemental response to the dismissal motion on May 2, 2022.  Under this Court's local civil rules, "[s]upplemental briefs are not encouraged and may be filed only upon motion and leave of Court."  LCvR 7-1(f).  Warnick's motion requesting leave to file a supplemental response brief identified no good reason to grant his request and, having reviewed the supplemental response that Warnick filed without leave of Court, it is evident that Warnick merely wanted an additional opportunity to make arguments he could have made in his original response brief.  For these reasons, the Court DENIES Warnick's motion (Dkt. 12) for leave to file a supplemental response and orders the supplemental response (Dkt. 17) he filed on May 2, 2022, STRICKEN from the record.

**III.     Motion to dismiss the petition (Dkt. 9)**

Crow moves to dismiss Warnick's habeas petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.  Dkts. 9, 10.  On consideration of the record of state court proceedings and the parties' arguments, the Court agrees that the petition is untimely and should be dismissed.

**A.      The petition is untimely under § 2244(d)(1)(A).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254.  The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Regardless of which provision governs the commencement date, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if the applicant files it before the one-year limitation period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

For most prisoners, § 2244(d)(1)(A) provides the commencement date for the one-year limitation period. Even with the benefit of liberal construction, the Court does not read the petition or response as presenting any argument that Warnick's limitation period commenced at a later date under any other provision of § 2244(d)(1). Applying § 2244(d)(1)(A) to the facts of this case, the petition is clearly untimely. As Crow argues, Warnick's conviction became final on February 6, 2019, when the time expired for him to seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13.1. His one-year limitation period commenced the next day, February 7, 2019, and, absent

5

any tolling events, expired on February 7, 2020. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Warnick filed an application for postconviction relief in July 2020, after his limitation period expired. As a result, that application did not toll the one-year limitation period. *Clark*, 468 F.3d at 714. Because Warnick filed the instant petition on November 1, 2021, more than one year after his one-year limitation period expired, the AEDPA's statute of limitations bars relief and the record supports Crow's request to dismiss the petition.[5]

### B. Warnick's arguments against dismissal are not persuasive.

Warnick makes only two discernible arguments against dismissal. Neither is persuasive. First, he contends that the one-year statute of limitations does not apply because challenges to a trial court's lack of subject-matter jurisdiction cannot be waived and can be raised at any time. Dkt. 1, Pet. 13-14; Dkt. 11, Resp. 2, 4. A claim alleging an absence of jurisdiction in the convicting court presents a cognizable habeas claim because the lack of jurisdiction implicates the defendant's constitutional right to due process. *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). But federal courts have repeatedly rejected the notion that due-process claims alleging a lack of subject-matter jurisdiction are exempt from the AEDPA's statute of limitations. *See Murrell v. Crow*, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished)[6] (characterizing habeas petitioner's claim that the trial court lacked jurisdiction to accept his plea as a "due-process claim"

---

[5] Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in some circumstances, toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Federal courts also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But here, the Court agrees with Crow that even a liberal reading of the petition and response shows that Warnick does not attempt to demonstrate that equitable tolling is warranted and does not assert an actual-innocence claim.

[6] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

and affirming district court's determination that the due-process claim could be dismissed as untimely under § 2244(d)(1)); *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished) (finding no legal support for habeas petitioner's assertion that "subject matter jurisdiction can never be waived and therefore [the petitioner] can never be barred from raising" a claim that the trial court lacked subject-matter jurisdiction and stating, "[a]s with any other habeas claim, [a claim that the trial court lacked subject-matter jurisdiction] is subject to dismissal for untimeliness"); *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *6 & n.9 (W.D. Okla. Sept. 15, 2021) (unpublished) (rejecting habeas petitioner's claim that the "AEDPA's statute of limitations does not apply because the state trial court lacked jurisdiction" over his criminal prosecution and reasoning that, on habeas review, a claim challenging the state court's subject-matter jurisdiction is properly considered a due-process claim), *report and recommendation adopted by* 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021); *Cole v. Pettigrew*, Case No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2 n.4 (N.D. Okla. Apr. 19, 2021) (unpublished) (explaining that "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction").  Thus, contrary to Warnick's argument, the statute of limitations applies and, in this case, bars relief.

Second, Warnick appears to argue that his conviction is "void" and thus cannot be "final." Dkt. 2, Pet'r's Br. 10.  This argument is not well-developed, but it too fails.  To be fair, there is support for the proposition that a judgment entered by a court that lacked jurisdiction is void. *See, e.g.*, *Ex parte Reed*, 100 U.S. 13, 23 (1879) ("Every act of a court beyond its jurisdiction is void."); *Wallace*, 497 P.3d 686, 695 (Lumpkin, J., specially concurring) ("When the federal government pre-empts a field of law, the legal effect is to deprive states of their jurisdiction in that area of the law.  If a court lacks jurisdiction to act than any rulings and judgments would appear to be void

when rendered."). But even if Warnick could establish that the trial court lacked jurisdiction over his criminal prosecution and that his conviction is therefore "void," it would not follow that his conviction could not be "final" as that term is used in § 2244(d)(1)(A). Rather, the plain text of § 2244(d)(1)(A) provides that, for purposes of triggering the one-year limitation period, a state-court judgment is "final" when the petitioner can no longer seek direct review of that judgment. *See Gonzalez*, 565 U.S. at 150 ("For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." (quoting 28 U.S.C. § 2244(d)(1)(A))). The end of direct review does not foreclose a collateral attack on an allegedly "void" judgment, either through state postconviction proceedings or federal habeas proceedings, but it does trigger the one-year limitation period under § 2244(d)(1)(A) for filing a federal habeas petition to challenge the allegedly "void" judgment. Thus, to the extent Warnick attempts to argue that the statute of limitations does not bar relief because his conviction is allegedly "void" and not "final," the Court rejects that argument.

### III. Conclusion

Based on the foregoing, the Court concludes that the petition for writ of habeas corpus is untimely under 28 U.S.C. § 2244(d)(1)(A), that Warnick has not shown that his one-year limitation period commenced at a later date under any other provision of § 2244(d)(1), and that Warnick has not shown that his one-year limitation period should be tolled for equitable reasons. The Court therefore GRANTS Crow's motion and DISMISSES the petition, with prejudice, as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. The Court further concludes that reasonable

jurists would not debate the correctness of the procedural dismissal of the petition and thus declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Warnick's motion for leave to file a supplemental response (Dkt. 12) is **denied**.

2. Warnick's supplemental response (Dkt. 17) is **stricken** from the record.

3. Crow's motion to dismiss (Dkt. 9) is **granted**.

4. Warnick's petition for writ of habeas corpus (Dkt. 1) is **dismissed** with prejudice as barred by the statute of limitations.

5. A certificate of appealability is **denied**.

6. A separate judgment shall be entered in this matter.

**DATED** this 23rd day of May 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE